Crabtree *vs.* Green.

No. 2.—WM. CRABTREE, plaintiff in error, *vs.* THOMAS GREEN, defendant in error.

[1.] Upon a motion to set aside an award made by an umpire, the Court will not consider the irregular and improper acts of the arbitrators.

[2.] When arbitrators disagree, and the decision devolves upon an umpire, clothed with all the powers of the arbitrators, by the submission, his duties are not limited to the determination of the questions upon which they disagreed, but extend to all the questions submitted.

[3.] It is not a valid objection to an award, deciding that land in dispute belongs to one of the parties, that it does not direct a conveyance of the land to be executed.

[4.] It is not necessary that an award of lands, which the submission directs to be made in writing, under the hand of the arbitrators, should be under seal.

[5.] It is not necessary to the validity of an award, that the umpire give reasons for his decision.

[6.] When questions of law are distinctly submitted, the decision of the arbitrators will be final, unless it appear on the award that the arbitrators intending to decide according to the law, have plainly mistaken what it is, and have acted on an erroneous rule of law.

[7.] An umpirage will not be set aside in a case where the losing party was notified that the arbitrators had disagreed, and that the papers were in the hands of the umpire to decide, and when he was asked by the umpire if he desired him to rehear the case, he replied that he did not desire it, but was satisfied that he should proceed to determine according to the papers in his hands; on the ground, that such party was not notified of the time and place of making the award, and was thereby denied the right of appearing, examining witnesses and submitting evidence.

[8.] An award of lands is sufficiently certain, if it describe the land by metes and bounds, land-marks and contiguous possessions, accompanied with a plat.

[9.] An award must generally cover all the matters submitted; but if the words of the award are not co-extensive with the submission, it will still be good, if it decides all the matters actually in dispute between the parties.

Ejectment, in Chatham Superior Court. Motion to set aside award. Decided by Judge FLEMING, February, 1849.

Thomas Green brought an action of ejectment in Chatham Superior Court, against William Crabtree, for a tract of land on Hutchinson's Island. The general issue and Statute of Limitations were pleaded. On the trial, it appeared that only a portion

Crabtree *vs.* Green.

of the land described was in dispute.   The Jury being unable to agree, a mis-trial was awarded, and the parties then entered into the following submission :

STATE OF GEORGIA, } *In Superior Court, May Term,* 1848
   CHATHAM COUNTY.

JOHN DOE, *ex. dem.* THOMAS GREEN, *vs.* RICHARD ROE, *i. e.* WM.
      CRABTREE, *tenant in possession.—Ejectment.*

· Upon hearing the attorneys for plaintiff and defendant in the above entitled cause, and by their mutual consent, it is ordered by this Court, that all the matters in difference between the said parties to the above entitled cause, in relation thereto, be referred to the award, order, arbitrament, final end, and determination of Dr. John A. Wragg, of the City of Savannah, State and County aforesaid, and Richard R. Cuyler, of the same place, arbitrators, mutually chosen by the said parties, to decide the matters in difference between them in said cause; and in case said arbitrators above named cannot agree, then all the said matters in difference, as aforesaid, are to be submitted to the award, arbitrament, final end and determination of Mr. Aaron Champion, of said City of Savannah, State and County aforesaid, as sole umpire, to decide the said matters in difference, and mutually chosen and selected by the said parties for that purpose ; so that the said Dr. J. A. Wragg and R. R. Cuyler, so nominated and appointed, as aforesaid, as arbitrators, or the said Aaron Champion as umpire, in case the said arbitrators cannot agree, shall and do make and publish their award, or his award as umpire, in writing, under their hands, ready to be delivered to the said parties in difference, or either of them, if they or either of them shall require the same, on or before the twenty-second day of May instant, and by the like consent, it is further ordered, that the said parties shall, in all things, abide by, perform, fulfil and keep such award, so to be made, as aforesaid, and the same when so made, shall be made the judgment of this Court; that the costs of said cause shall abide the event of said award, and that the costs of the reference and award shall be in the discretion of the said arbitrators.   And by the like consent, it is ordered, that the said arbitrators or umpire, shall be at liberty (if they think fit,) to examine the said parties to this suit, and their witnesses, upon oath, to be administered before some Justice of the Peace, in and for said County of Chat-

ham, or Notary Public, in and for said County, and that the said parties shall and do, before the said arbitrators or umpire, if they or either of them shall so direct and require, produce all books, deeds, plats, maps, papers, or other writings, in their or either of their custody or power, relating to the matters in difference between them in the above entitled cause. And by the like consent, it is further ordered, that neither the plaintiff nor the defendant shall, after said award shall have been made and filed, bring or prosecute any action or suit at Law or in Equity, against the said arbitrators or umpire, or either of them, or any suit at Law or in Equity, against each other, touching or concerning the said matters in difference in the above entitled cause, or any writ of error in relation thereto ; and that if either party shall be affected, delay or otherwise wilfully prevent the said arbitrators or umpire, or either of them, from making the said award within the time above specified, such party shall pay to the other such costs as this Court shall think reasonable and just in the premises; or if either party shall not attend before the said arbitrators or umpire, after reasonable notice, with his witnesses and papers, relating to the matters in difference in said cause, and without such excuse as the said arbitrators or umpire shall be satisfied with and adjudge to be reasonable, then, and in such case, the said arbitrators or umpire shall and may proceed to decide the said matters in difference, *ex parte ;* and the award so made, they or either of them do return within the time aforesaid to this Court, to be entered up as the judgment of this Court. And it is farther ordered, by the like consent, that the testimony of all witnesses, which has heretofore been taken by commission in the above entitled cause by either party, and which is now on file in this Court, or the testimony of any other witness or witnesses, which may hereafter be taken by commission by either party in said cause, shall and may be submitted to the examination and inspection of the said arbitrators or umpire, before their said award shall be made; and the same is to be held, considered and taken by the said arbitrators or umpire as part and parcel of the testimony in said cause, upon which the said arbitrators or umpire shall be authorized to act. And it is further agreed, that all legal questions shall be submitted to said arbitrators, which arose on the late trial, including the Statute of Limitations.

*Savannah,* 11*th May,* 1848.

The arbitrators having failed to agree on the main question at issue, each wrote out his opinion at length, and the matter was submitted, as provided, to the arbitrament of the umpire, A. Champion, who subsequently made the following award:

JOHN DOE, *ex. dem.* THOMAS GREEN, *vs.* RICHARD ROE, *i. e.* WM. CRABTREE, *tenant in possession.—Ejectment.*

Doctor John A. Wragg and Richard R. Cuyler, Esqrs. the arbitrators appointed under the order of Court in the above case, having been unable to agree, and having made their reports to me in writing, setting forth their different views, and I, in obedience to the said order of Court, having consented to act as umpire in said matter, and having examined the whole controversy and the evidences and papers of the parties and the reports of the arbitrators, do make my award and final determination of the controversy and suit between the said parties, as follows :

1st. I award and find, that the following land claimed by the said defendant, and in his possession, or over which he claims to exercise ownership, is really the property of the plaintiff, Thomas Green, that is to say, all that part of the Log Basin that is north of the back line of the wharf lots, as defined and marked out on the map hereto annexed, and to be taken as part of this award, said back line being ascertained, as I award, by a line running west from the angle of the old dam, just where the said dam commences to turn to the north ; also, all of the canal, or the land covered by it west of said northern part of said Log Basin above described, to the line of the John Peter Ward tract ; also, all the canal or creek, and the land covered by it south of said back line of wharf lots, until the said canal or creek leaves the main tract and enters into the tract known as the John Peter Ward tract ; also, a strip of land of fifty feet in width, having for its western boundary the division line between the main tract and the John Peter Ward tract, commencing four feet east of the mouth of the creek, and fronting on the Savannah river fifty feet, and extending back the same width of fifty feet in a northern direction, until it intersects the canal or creek (or the land covered by it,) to the east of the John Peter Ward tract, the said fifty feet strip being also defined and designated on the map hereto annexed, and to be taken as part of this my award; all of the said land herein before designated, being part of the premises described in the declara-

tion of the said plaintiff, and being situated on Hutchinson's Island, in the County of Chatham and State of Georgia aforesaid; and I award and find that the plaintiff is entitled to recover and receive the said parcels of land above described, from the said defendant, William Crabtree, and to have judgment therefor.

2d. I award and determine, that the said defendant, Wm. Crabtree, is not entitled to avail himself of the Statute of Limitations in reference to such land, or any part thereof.

3d. I award and determine, that the said plaintiff is entitled to recover and receive from the said defendant, William Crabtree, the sum of two hundred and thirty-three dollars, for the mesne profits of the said land, so in the possession of the said William Crabtree up to the present time, and to have judgment therefor.

4th. I award and determine, that all the costs (not including lawyers' fees,) attendant on and growing out of the said eject-ment suit, or of the reference to arbitrators, or of this award, shall be ascertained and assessed by the Clerk of the Superior Court of Chatham County, and that the said costs shall be paid by the said defendant, William Crabtree, to the said plaintiff, who shall have judgment therefor.

5th. I award, that the plaintiff shall have liberty to use the legal means, and to take all necessary steps to carry into effect this my award.

In witness whereof, I have hereunto set my hand, this tenth day of June, in the year one thousand eight hundred and forty-eight.

In duplicate.                                A. CHAMPION.

At the next term of the Court, a motion was made to set aside this award, on the following grounds :

1st. Because the arbitrators and umpire decided the case without having seen the rule of reference.

2d. Because Dr. John A. Wragg assumed as facts proved by the records, matters which do not exist, either in the record, the documentary evidence, or in the parol testimony in the case.

3d. Because said arbitrator avers in his award, that all parties acknowledge that the canal or creek, as it now exists, empties itself into the river a considerable distance west of the eastern boundary of the land of J. Peter Ward, when no such acknowledgment was ever made.

4th. Because he avers that the diagram annexed to Campfield's

testimony, is acknowledged to be incorrect in many particulars, when no such acknowledgment has ever been made.

5th. Because the said Dr. John A. Wragg only decided the western boundary, leaving the question of the northern boundary unsettled.

6th. Because Dr. J. A. Wragg, the arbitrator selected by plaintiff, exhibited his award and that made by R. R. Cuyler, Esq. to the attorney of the plaintiff, before they passed into the hands of the umpire, A. Champion, notice being thus afforded to said attorney that the umpire was about to act in the premises, the same knowledge being withheld from defendant's attorneys; the first intimation of any action on the part of the umpire received by defendant's attorneys, was the information that he had made his award.

7th. Because Dr. Wragg, the arbitrator of the plaintiff, has based his award or decision on principles of equity and justice, when legal questions were alone submitted to the arbitrators.

8th. Because neither of the arbitrators have decided the question of costs, as they were required to do by the rule of reference, and because the umpire has decided the same, when he had no right to decide any questions, except those on which the arbitrators had differed.

9th. Because Aaron Champion, the umpire, undertook to decide the matters in dispute between the parties, without first giving notice to William Crabtree or his attorneys, and without examining any of the witnesses of defendant.

10th. Because the award of A. Champion, the umpire, denies to the defendant the benefit of the Statute of Limitations, without assigning any reasons therefor, and without examining the witnesses of defendant to sustain said plea.

11th. Because the award of said umpire is void, as it directs no conveyance to be made of the land awarded to plaintiff, and the award itself being insufficient for such purpose.

12th. Because the said umpire, in awarding the fee of the fifty feet of land set down in the plat accompanying his award, has given to plaintiff a right not claimed, he only claiming the use thereof, for the purpose of a canal, as is manifest from the whole testimony in the case.

13th. Because the said umpire has not decided the right of the

parties to the improvements made by defendant on the land awarded to plaintiff.

14th. Because said award is uncertain, as it does not define the metes and bounds of that portion of the Log Basin awarded to plaintiff.

15th. Because said award, in relation to all the land it professes to give to plaintiff, is uncertain, insufficient, contradictory and unintelligible, and in no case sets out the land awarded by metes and bounds.

16th. Because said umpire has not decided, according to the rule of reference, all the legal questions that arose on the trial of the case.

17th. Because in said award there are palpable errors and gross mistakes, both in law and in fact.

On the hearing before the Court below, the following affidavits were filed:

JOHN DOE, *ex. dem.* THOMAS GREEN, *vs.* RICHARD ROE, *i. e.* WM. CRABTREE, *tenant in possession.—Ejectment.—Award by Aaron Champion, Umpire.*

Personally appeared William Crabtree, the defendant in the above case, who, being duly sworn, says, that he was never notified by said Aaron Champion of the time and place, when and where he would proceed to investigate the said cause. That he, the said Aaron Champion, made his award without giving this deponent any opportunity, either in person or by his attorneys, to appear before him, during his investigation of said cause, or to have his witnesses examined.

*Sworn to before me, this seventeenth day of June,* 1848.
FRANCIS SORREL, J. I. C. C. C.                    WM. CRABTREE.

GEORGIA—*Chatham County.*

Before me, personally appeared, Aaron Champion, who, being duly sworn, deposeth and saith, that he is the same person who acted as umpire in the ejectment case of Green *vs.* Crabtree, and deponent further saith, that after the arbitrators had disagreed, and he had been informed of that fact, and the papers containing the different statements of the arbitrators, embodying the verbal evidence, and also the other papers, had been placed in his posses-

sion, deponent called on Captain William Crabtree, the defendant in said action, and apprised him that the papers had been handed to him, and the whole matter was now submitted to him for his final umpirage, and asked the said William Crabtree if he desired deponent, as such umpire, to re-hear the witnesses; to which the said William Crabtree replied, that he did not desire it, that he was satisfied that deponent should proceed under the written statements of the arbitrators and the other papers submitted ; and that thereupon and afterwards, the said deponent proceeded to determine the said case, and to deliver his award.

*Sworn to before me, this* 17th &#125;    A. CHAMPION.
*July,* 1848.
    LEVY HART, J. P.

The Court overruled the motion, and the following errors have been assigned :

1st. Because His Honor decided, that he must confine his decision to the exceptions which touch the award of the umpire, without reference to the acts, irregularities or errors of Dr. Wragg, one of the arbitrators, and therefore, declined to decide the 2d, 3d, 4th, 5th, 6th and 7th exceptions made to the award.

2d. Because His Honor decided, that under the rule of reference, the decision of the umpire is not restricted to the points passed on by the arbitrators, and upon that ground, overruled the 8th exception.

3d. Because His Honor overruled the 11th exception, and decided the award good, although it directs no conveyance to be made by Crabtree to Green.

4th. Because His Honor decided it was unnecessary for the award to be under seal.

5th. Because His Honor overruled the 10th exception, and thereby sustained the award, which denied to Crabtree the benefit of the Statute of Limitations, without assigning any reasons therefor, and contrary to the law of the land.

6th. Because His Honor overruled the exception, that the umpire examined no witness of defendant, to sustain the plea of the Statute.

7th. Because His Honor overruled the 12th exception, and thereby sustained the award, giving the *fee* of the land to Green.

8th. Because His Honor overruled the 14th and 15th excep-

tions, and thereby decided the award to be sufficiently certain, as to metes and bounds.

9th. Because His Honor overruled the 16th exception, and thereby decided that the umpire, by his award, has settled *all* the matters in difference between the parties.

10th. Because His Honor overruled the 9th exception, notwithstanding the affidavit of Wm. Crabtree.

Cohen and Law, for plaintiff in error, cited the following authorities:

*Russell on Arbitrators,* 257, 258, 411, 412, 460, 462, 113. *Duer vs. Boyd,* 1 *Serg. & Rawle,* 209. 2 *Ball & Beatty,* 120. 1 *American C. L.* 458, 464. *Kent vs. Elstol,* 3 *East.* 18. 2 *Vesey, Jr.* 17. *Cowforth vs. Geer,* 2 *Vernon,* 705. *Williams, ex'r, vs. Paschal's Heirs,* 3 *Yeates,* 568. *Bond vs. Olden,* 4 *Yeates,* 243. *Kelly vs. John,* 3 *Wash. C. C. Rep.* 45. *Hunt vs. Hunt,* 1 *Wash. C. C. Rep.* 58, *et seq't. Falconer vs. Montgomery,* 4 *Dall.* 233, 271. *Russell on Arbitrators,* 230. *Johnson vs. Lancaster,* 5 *Kelly,* 45, *et seq't. Watkins vs. Wolfolk, Ibid,* 268. *Doe, ex. dem. Madkins & Long vs. Horner & Roupell,* 8 *Adol. & Ellis,* 235. *Dodington vs. Hudson,* 1 *Bing.* 382.

Charlton and Ward, for defendnat in error, cited the following authorities:

*Watson on Awards,* 59, *Law Library,* 100, *marginal page. Jackson vs. Gager,* 5 *Cowen,* 386, '7. *Watson on Awards,* 59, *Law Library, marg. p.* 128, 289. *Payne vs. Massey,* 9. *J. B. Moore,* 666. 17 *Eng. Com. Law Rep.* 129. *Watson, marg. p.* 284, '5. *Kyd on Awards,* 114, 115. *Russell on Arbitrators, marg. p.* 631. 1 *Peters' S. C. Rep.* 228. *Watson on Awards,* 59, *Law Library, marg. p.* 134, 176 *to* 179, 202. *Russell on Arbitration, marg. p.* 258. *Hall vs. Lawrence,* 4 *Term Rep.* 589. *Tunno vs. Bird,* 27 *Eng. Com. Law Rep.* 111. *Sharp vs. Lipsey,* 2 *Bailey's Rep.* 113. *Russell on Arbitrators, marg. p.* 71.

*By the Court.*—Nisbet, J. delivering the opinion.

Upon a motion to set aside the *umpirage* in this case, some sev-

enteen points were made against it, and all overruled by Judge FLEMING. We are to determine whether, in reference to any of these points, he committed error. I pursue the order in which the errors are alleged in the bill.

[1.] The Court is claimed to have erred in this, that he refused to consider at all, those points against the umpirage or award of the umpire, which relate to irregularities charged in the motion, against Dr. Wragg, one of the arbitrators.

The Court below was called upon to set aside the umpirage of the *umpire.* The arbitrators, and also the umpire, were named by the parties and designated in the submission, which was made a rule of the Court. The arbitrators proceeded to consider of the subject matters referred to them, and disagreed upon the main point in controversy, each giving a separate opinion. They, therefore, made no award. The Court was considering the judgment of the umpire, and that only. It had nothing to do with the conduct of the arbitrators. They having failed to make an award, the umpire occupied the position of a sole arbitrator. His duties were the same, which were devolved upon the arbitrators—his powers, and the limitations upon him, the same—all derived from the submission. The written opinions of the arbitrators were not before the Court as judgments. Their functions ceased upon their final disagreement, and the umpire succeeded to them. The umpire was bound to decide upon his own sole responsibility, irrespective of the acts, whether legal or not, of the arbitrators. This is all true generally; it is especially true in this case, because the rule of submission devolved upon him expressly the duty and power to decide all the matters submitted, for it declares, "and in case said arbitrators cannot agree, then all the said matters in difference, aforesaid, are to be submitted to the award, arbitrament, final end and determination of Mr. Aaron Champion, of the City of Savannah, State and County aforesaid, as sole umpire, to decide the said matters in difference, and mutually chosen and selected by the said parties for that purpose, &c." The submission is the chart of his powers, as well as those of the arbitrators. Upon this reference, there was but one judgment before the Court. The questions were made upon that judgment. The presiding Judge, in our opinion, was not at liberty to pronounce upon it, according to the conduct of strangers to it, and was, therefore, right in refusing to consider the points of irregu-

larity made in the motion to set aside the award of the umpire against Dr. Wragg, one of the arbitrators. *Kyd on Awards*, 101.

[2.] The second exception falls, necessarily, with the first. This exception asserts this proposition, to wit: "that the duties and powers of the umpire are restricted to those subject matters submitted, about which, the arbitrators differed." The umpire decided that the costs *of the reference* should be paid by Crabtree. About that costs, the arbitrators gave no opinion, and did not, consequently, differ; therefore, says the plaintiff in error, the judgment of the umpire ought to be set aside. But this question of costs was one of the matters submitted distinctly to the arbitrators, by the terms of the submission, and if equal power and the same duties devolved upon the umpire, which were cast upon the arbitrators, he was right in deciding it. That he was clothed with all the powers of the arbitrators, we have already seen. The submission is the evidence of what are his duties. He was not restricted to such matters as those upon which the arbitrators could not agree. He was made a judge, not to settle differences between the arbitrators, but differences between the parties. Into that covenant he came.

[3.] The eleventh exception in the motion to vacate the award, assumes that it is void, because it directs no conveyance to be made of the land awarded to the plaintiff, Green, and it is insufficient, of itself, for that purpose. The presiding Judge overruled the exception, and that decision is the third ground of error in the bill. The subject matter submitted was a strip of land on the Savannah river, being a part of a lot of two hundred acres. For this entire lot, the plaintiff brought ejectment. The umpire awarded the strip of land to the plaintiff, and it is objected that he did not direct a conveyance to be made. It was not necessary; the award is good without it. It is as effective to transfer the property, as would be a judgment in ejectment. When made, it is directed in the submission to be entered as the judgment of the Court. It is the judgment already of the forum selected by the parties to decide upon their rights. That decision, when made, is agreed between the parties, with more than the usual distinctness, to be final. This award is pleadable (and would be a prevailing plea) to any future action by the defendant against the plaintiff for the land. He is estopped, by the award, from denying the plaintiff's title. In a suit for the land, the award being plea-

Crabtree *vs.* Green.

ded, he would not be permitted to go into evidence of title. In point of fact, the question here was not one of title, but a question of boundaries. The plaintiff was in possession of the lot of two hundred acres sued for; his title to that lot was not controverted before the umpire. The question was, whether the strip of land awarded to the plaintiff was embraced within that lot. Although the award might not have the operation of conveying the land, yet it would estop the defendant from setting up his title to it, or disturbing the plaintiff's possession. 3 *East*, 15. 4 *Dallas*, 20. 2 *Johns. R.* 322. 1 *Wend.* 326. 9 *Coke*, 78. *Vin. Ab. Arb. a*, 5, *u*, 11, *y*, 1. *Rolle Arb. d*, 9. 6 *Pick.* 148. 4 *Ibid*, 507. 15 *Mass.* 146. By Statute in this State, a decree in Equity passes the title to land as a deed. *Hotchkiss*, 682.

[4.] The fourth error is charged to consist in this, that the award was held to be good, although not made under the *seal* of the umpire. The submission does not require it to be under seal. It requires it to be made *in writing under the hands of the arbitrators*. It was so made and returned. It pursued the submission in this particular, and that is sufficient. *Kyd*, 261 *to* 263.

As I have already stated, the plaintiff brought ejectment for two hundred acres of land; the defendant, by plea, set up a title to a small portion of it, under the Statute of Limitations. The subject matters, involved in the suit, were submitted to arbitration, and the rights of the defendant, under the Statute, were *distinctly, eo nomine,* submitted. It is said that the Court erred in overruling this exception, in the motion to set aside the award, to wit: " The umpire denied to the defendant the benefit of the Statute of Limitations, without assigning reasons therefor, and in denying him the benefit of the Statute, acted contrary to the law of the land." This exception presents two questions—

[5.] 1st. Can an award be set aside, because the umpire gives no reason for his judgment? 2d. Can it be set aside for a mistake of the law?

The matter is submitted for the *award* of the arbitrator or umpire, and not for the *reasons* of his judgment. He may give reasons or not. If he does not, it is no ground to impeach the award.

[6.] The general rule is this: an award cannot be impeached but for corruption, partiality or gross misbehavior in the arbitrators, or for some palpable mistake of the law or fact. Awards are treated with great liberality. The parties make the arbitrators

judges, and their judgment has much of the solemnity which attaches to the judgment of a Court of Justice.   The rule above laid down, obtains in Equity.   It is still more stringent at Law. At Law, an award, upon a submission which involves both law and facts, will not be opened for a mistake of the law, unless the mistake appear on the award itself, and even then, it must be in a case where the arbitrator, intending to apply the law correctly, has mistaken what the law is.   To illustrate : If, in this case, the umpire had awarded in favor of the plaintiff, and proceeded to say, that the defendant had not been in possession the statutory term of *ten* years, and, therefore, although in possession for *seven* years, was not entitled to the benefit of the Statute, it would have been such a mistake, as at Law, would have invalidated the award. Parties may submit *the law* to arbitrators—they may clothe them with power to decide *that*, or to decide upon equitable principles, irrespective of the rules of law.   I apprehend that no case is to be found, where the question of law being submitted distinctly, and the judgment being on that question, nakedly, that judgment has been opened because of a mistake·of the law.   That is this case. In *totidem verbis*, the Statute of Limitations was, in this rule, submitted, and the umpire decided on it without giving reasons.   The parties agreed that the decision should be final, and went so far as to bind themselves not to bring a writ of error.   *Watson on Awards*, 59 *vol. Law Library*, 289.   *Payne vs. Massey*, 9 *J. B. Moore*, 666.   17 *Eng. Com. Law Rep.* 129.   *Chace vs. Wetmore*, 13 *East*, 357.   *Bouttilleer vs. Thick*, 1 *Dowl. & Ryl.* 366.   *Cramp vs. Symonds*, 7 *J, B. Moore*, 434.   *Kyd*, 185, 237, 238.   3 *Caine's R.* 167.   14 *Johns. R.* 105.   10 *Ibid*, 146, '7.   *Lucas vs. Wilson*, 2 *Burrow*, 701.   2 *Johns. R.* 62.   3 *Ibid*, 367.   3 *Atk.* 529, 644. 1 *Johns. Ch. R.* 102.   2 *Vern.* 251.   1 *Vesey, Jr.* 369.   2 *Ibid*, 22. 4 *Porter*, 70, 71.

[7.] The sixth and tenth exceptions are to the same question, and may be considered together.   The substance of these exceptions is, that the Court held that it was not necessary, under the facts of this case, that the umpire should have reheard the case, notifying the defendant to appear and examine witnesses and submit evidence, and in that ruling, committed error.

It is developed in the record, that the umpire did, in fact, inform Crabtree, the defendant, that the arbitrators had disagreed, and that the opinions of the arbitrators and the papers in the case were

in his hands, and that the whole matter was submitted to him for final umpirage, and farther, that he asked Crabtree if he desired him to re-hear the witnesses, and to this inquiry, he replied that he did not desire it, and that he was satisfied that he should proceed under the written statements of the arbitrators and the other papers submitted. These facts appear by the affidavit of Mr. Champion, the umpire; in reply to which, the affidavit of Crabtree states, that the conversation between himself and the umpire, was a loose and desultory one, and that he was under the impression that he or his attorney would be summoned to attend at the time and place, when and where the umpire would make his award; and he farther states in his affidavit, that he had various title deeds to the premises in dispute in his possession, which the umpire ought to have had before him. To these statements of the defendant, the answer is obvious. If the conversation was a loose and desultory one, yet it was one which he understood—it was notice to him that the arbitrators had disagreed, and that the umpire was called upon to decide. The question was distinctly put, whether he desired the umpire to re-hear the witnesses, and the answer distinctly made, that he *did not desire it,* but was satisfied that the umpire should proceed *to determine, under the written statements submitted by the arbitrators and the other papers in his hands. He had notice, and he waived his right to appear, examine witnesses, and present the title deeds in his possession.* What right has he to complain ? He took the risk of a decision on the statements of the arbitrators and the other papers submitted. Had he, after this conversation, and before the umpirage was made, demanded a hearing, the case would have been different. Besides, the title deeds to the premises had no relevancy to the matter in dispute. From the supplement to the bill, added by agreement of counsel—from the evidence submitted to the arbitrators, and from their written statements, it is clear that the *title* to the land, awarded to Green, was not in dispute, except so far as it depended on the Statute of Limitations. *Hall vs. Lawrence,* 4 *T. R.* 589. 1 *Baily, S. C. R.* 81, 82. 2 *Baily, S. C. R.* 113. *Kyd on Awards,* 101 *to* 104, *and notes.* I place this decision, not on the ground that it is not necessary for the umpire to give notice and re-hear the cause, but upon the ground that the party had notice and waived his right. The discussion of the other point (and it is a mooted one) is not necessary to the case. See authorities last cited,

Crabtree *vs.* Green.

and 4 *Dall. Penn. R.* 232, *and* 2 *Dall.* 271.   Upon these views, we sustain the Court below on the 6th and 10th exceptions.

The seventh exception was not pressed, and requires no opinion.

[8.] The eighth seeks to convict the Court below of error, because he refused to hold that the award should be set aside, because it does not describe the land awarded to the plaintiff, with sufficient certainty.   The award describes it as part of the land set forth in the plaintiff's declaration, and in the possession of the defendant, by metes and bounds, by landmarks and contiguous possessions, and a map of it accompanies the award.   What more could be done ?   The description is minute, intelligible, and quite sufficient for identification.

[9.] The ninth and last exception, claims the umpirage bad, because the umpire did not decide upon *all* the matters submitted. The plaintiff, as before stated, being in possession of two hundred acres, less a small part of it, which was in possession of the defendant, brought ejectment for the whole, and all the matters involved in this suit were submitted.   The umpire awarded the small portion, in the possession of the defendant, to the plaintiff, without saying to whom the large remainder belonged, and therefore, says the plaintiff in error, the award did not pass upon *all* the matters submitted, and is illegal.   The terms of the submission embraced *all matters in difference between the parties to the suit, and in relation thereto.*   Because the plaintiff's declaration went for two hundred acres, it does not necessarily follow that the parties were in difference about all of that land.   A plaintiff may sue in ejectment for five thousand acres, and submit proof as to, and recover only five.   But in fact, the small amount of land awarded to the plaintiff, was the only matter, so far as the lands are concerned, in difference.   To whom that belonged, was the *actual* question. The possession of the remainder being in the plaintiff—his title not denied, but admitted by the defendant's counsel—it remained, after the award, precisely in *statu quo.*   An award concerning that, would have been supererogatory.   The rule clearly is, that the award must comprehend every thing submitted, and must not be of parcel only.   If, indeed, the letter of the submission here embraced all the land, still this award is good; for the rule, as above, is subject to this limitation, to wit: If the words of the submission be more comprehensive than those of the award, yet if it do not appear that any thing else was in dispute between the par-

ties, besides what is comprehended in the award, it will be good. As, if the submission be of all actions, personal and real, and the award be of actions, personal only, it shall be presumed that no actions, real, were pending between the parties. *Kyd*, 172. *Jackson vs. Ambler*, 14 *Johns. R.* 105, 106.    8 *Coke*, 98.    19 *H.* 6, 6, *b*.    *Rol. Arb. L. 5.*    The land-awarded to plaintiff, and that alone, was in dispute between these parties.    This is manifest in this, that counsel of defendant admitted on the record, that the title to the lands was in Green, in this, that the evidence before the arbitrators was confined to the mere strip, and in this, that the statements of the arbitrators have reference to that only.    The case, therefore, falls within the limitations of the rule.

Let the judgment below be affirmed.