## MOSES, trustee, *vs.* THE EAGLE AND PHENIX MANUFACTURING COMPANY.

[Crawford, Justice, did not preside in this case.]

Where distinct parcels of property are levied on under one levy, and and all claimed by the same claimant, the whole tried under one issue, and a verdict rendered finding certain particular parcels of the property subject, the legal intendment of such a verdict would be that the balance was not subject.

(*a.*) While it might have been more regular to have required the jury to have found explicitly as to all the lots before receiving the verdict, yet where the verdict has been returned and a judgment rendered ordering the *fi. fa.* to proceed against the parcels found subject, the judgment could subsequently be amended by declaring the true intendment of the verdict and adjudging accordingly.

(*b.*) That a judgment has been before the supreme court for review, and has been affirmed, will not prevent a subsequent amendment so as to more certainly declare the effect of the verdict.

Judgments. Amendments. Verdict. Claims. Practice in Superior Court. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1880.

Reported in the decision.

R. J. MOSES, for plaintiff in error.

PEABODY & BRANNON, for defendant.

SPEER, Justice.

An execution in favor of Van Leonard, trustee, against the Water Lot Company, of the city of Columbus, issued on the 18th of September, 1867, from the superior court of Muscogee county, was levied upon certain property known as water lots numbers 4, 5, 9, 6, 7, 8, 10, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, all lying and being in the city of Columbus,

each lot containing 72 feet front north and south on Bay .street, and being between Franklin and Crawford streets, also the dam across the Chattahoochee river nearly opposite lot 1 aforesaid survey, and the canal and raceway in front of said lots, and all the water power and right to control the water in front of the city of Columbus, subject to the rights of the owners of lots 1, 3, 11, 13 and 15, each to one-nineteenth part of the water controlled.   Dam and canal under divers deeds from the Water Lot Company, etc.,   Levy made 5th of March, 1877. To this the Eagle  & Phenix Manufacturing Company interposed their claim to the property levied on, and on their giving bond the same was returned to the court for trial, on issue joined on said levy and claim, a trial was had and the jury returned the following verdict:

"We, the jury, find the water lots numbers 20 to 37 inclusive subject to plaintiff's execution."     [Signed]     ·     A. A. BOYD, *Foreman.*

Whereupon the following judgment was entered on ·said verdict:

"The jury in this claim case having found lots 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, levied on by plaintiff to be subject to plaintiff's execution, and the claimant having interposed a claim to all of said lots known as water lots 20 to 37 levied on, except lots 23, 24, 25,   it is considered and adjudged that plaintiff's *fi. fa.* proceed for the use of J. J.  Bradford, trustee, against the aforesaid water lots from 20 to 37, including 20 and 37, and he recover from claimant his costs in this proceeding.
    June 4, 1877.

                    R. J. MOSES,
                    BLANDFORD & GARRARD,
                    *Attorneys for plaintiff in fi. fa."*

It further appears that, on notice to R. J. Moses, trustee, on motion of attorneys for claimant, at the November adjourned term, 1880, of Muscogee superior court, the court entered the following judgment *nunc pro tunc* in said cause :

"Van Leonard, trustee Howard Manufacturing Company, plaintiff in *fi. fa.,*

    *vs.*

The Water Lot Company of the city of Columbus, defendant, and the Eagle and Phenix Manufacturing Company, claimant.

  *Fi. fa.* levy and claim in Muscogee superior court.

"It appearing to the court that the above stated *fi. fa.* was levied by the sheriff of this county, on the 5th of March, 1877, upon the following lots known as water lots: Numbers 4, 5, 6, 7, 8, 9, 10, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, all lying and being in the city of Columbus, each lot containing 72 feet front, north and south, on Bay street, between Franklin and Crawford streets, according to a survey made by John Bethune, on the 6th of December, 1841, also the dam across the Chattahoochee river, nearly opposite lot 1 of said survey, and the canal, or race-way, in front of said lots, and all the water power and right to control the water in front of the city of Columbus, and state of Georgia, as fully as the same is owned or controlled by the Water Lot company of the city of Columbus, subject to the rights of the owners of lots 1, 3, 11, 13 and 15, each to one-nineteenth part of the water controlled by said dam and canal, under divers deeds from the Water Lot Company of the city of Columbus, the whole levied on as the property of said defendants in *fi. fa.*; and the said claimant having filed his claim to lots 4, 5, 6, 7, 8, 10, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, also the dam across the Chattahoochee river and the canal, or race-way, in front of said lots, and all the water power in front of said lots, or belonging or appertaining thereto, in front of the city of Columbus, which had been so levied on. And at the May term, 1877, an issue was joined between the plaintiff in *fi. fa.* and claimant as to the said property so claimed being subject to said *fi. fa.*, and upon said issue a jury came, and after hearing evidence, returned the following verdict, to-wit: "We, the jury, find the water lots numbers 20 to 37, inclusive, subject to the plaintiff's execution," upon which verdict the said plaintiff, at the said term of said court, entered up the following judgment, to-wit: "The jury in the claim case having found lots 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, levied on by plaintiff's *fi. fa.*, to be subject to plaintiff's execution, and the claimant having interposed a claim to all of said water lots known as water lots 20 to 37 inclusive, levied on, except lots 23, 24, 25, it is considered and adjudged that plaintiff's *fi. fa.* proceed for the use of J. J. Bradford, trustee, against the aforesaid water lots, from 20 to 37, including 20 and 37, and that he recover from claimants his costs in this proceeding."

Moses, trustee, *vs.* The Eagle and Phenix Manufacturing Company.

And whereas the true meaning and effect of said verdict was, that all the property so levied upon and claimed as aforesaid, except lots numbers 20 to 37, inclusive, except lots 23, 24 and 25, were, by the said jury, found not subject to said *fi. fa.*, and no other judgment having been rendered or entered up on said verdict except the before recited judgment; now, upon motion of claimant, it is considered and adjudged by the court that all of said property so levied upon and claimed, except lots 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, lot number 9 not having been claimed, is not subject to plaintiff's *fi. fa.*, and that the said levy be dismissed as to all the remainder of said property so levied on and claimed as aforesaid. This judgment to be entered up as of said May term, 1877.

    [Signed]                   J. T. WILLIS, J. S. C. C. C."

To the allowing and entering said judgment on the minutes upon said verdict *nunc pro tunc* plaintiff in *fi. fa.* excepted, and assigned the same as error.

The real question lying at the foundation of this case is, whether the judgment *nunc pro tunc*, rendered by the court below and excepted to, is in harmony with and by legal intendment can be sustained by the verdict made by the jury. If a verdict is found, and a defective or insufficient judgment entered thereon, no one can question the right of the court to aid it by amendment. The Code declares: "A judgment may be amended, by order of the court, in conformity with the verdict upon which it is predicated, even after an execution issues." Code, §3494. The only question then is, did the court below, in conformity with the verdict returned, amend this judgment. We recognize the rule insisted upon by counsel for plaintiff in error, that the court could not amend a verdict after the jury had been discharged from the case, as was held in 8 *Ga.*, 20; 17 *Ib.*, 362; and other authorities cited; but that is not the question here. If it became necessary to amend this verdict in order to sustain the judgment complained of, we admit the position of plaintiff in error would be right. But the defendant in error sought no such interference, but to let the verdict stand as returned and amend the judgment rendered, so as to let the judgment

Moses, trustee, *vs.* The Eagle and Phenix Manufacturing Company.

speak the legal intendment of the verdict that was made. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Code, §3561. When the issue presented to the jury by the plaintiff in *fi. fa.* was that water lots numbered from 4 to 37 inclusive (except lot 9), dam and race-way, were subject to his *fi. fa.*, and claimants said they were not subject, and upon that issue the jury returned a verdict finding lots from 20 to 37, inclusive, subject, is it not a reasonable construction of that verdict that the balance of the property levied on was intended to be found not subject?

We admit it would have been more regular for the court, on motion, to have declined to receive the verdict, and had the jury expressly to find the other property levied on not subject, but the plaintiff accepted the verdict as rendered and entered judgment thereon, and then by bill of exceptions complained before this court of certain rulings of the court, which alone could have been brought here on the theory that he had failed to recover the other property levied on. This seems to have been the construction given to this verdict by the action of the plaintiff below at the time it was rendered. Mark it, the plaintiff did not by motion for new trial in that case seek to set aside the whole verdict, but only excepted to the rulings of the court by which he complained he failed to recover the balance of the property not mentioned expressly in the verdict, and we think his construction of the verdict was then right, and neither upon argument nor authority have we been convinced here that he was not right. And this construction is aided in the very judgment this court rendered on the plaintiff's bill of exceptions in that case. For in speaking of the verdict and its legal intendment, this court (Judge Bleckley pronouncing the opinion) says: "The verdict of the jury was silent as to some of the numbers, and in the plaintiff's favor as to the rest. Possibly a correct construction of such

a verdict would be that so much of the issue as was not found for the plaintiff was by implication found against him. That such was the intention of the jury is in a high degree probable." We are aware that this is mere *obiter*, but we are the more strengthened in our conviction of the correctness of this judgment now complained of, that the construction we now give to this verdict is concurred in by the judge who delivered then the judgment in that case, and whose judicial opinions have commanded the respect and confidence of the court and of the profession at large.

The interposition of a claim to property levied on is an anomaly in our jurisprudence. It is the creation of our statute, and unknown to the common law. It has taken the place in a great measure of the action of trespass at the instance of the true owner against the officer who levied upon property not subject to be levied on and sold. It is really, by analogy, a suit by the plaintiff in *fi. fa.* to recover property out of the claimant, to have the same sold to satisfy his lien. In such a suit, if a recovery was had of only a part of the property sued for, could it be maintained that on such a verdict its legal construction would not be that he had failed to recover the balance? Suppose, to illustrate further, the plaintiff sues to recover on two promissory notes set out in the same declaration, and both being in evidence, and under proper pleas filed, a recovery was only had for the amount due on one of them, would it not be a legal conclusion that the verdict was for the defendant as to the other? Our conclusion, therefore, is, that where distinct parcels of property are levied on by the same levy, and they are all claimed by a claimant and tried as a whole, under the same issue, and a verdict returned by the jury finding certain particular parcels of that property subject, that the legal intendment of such a verdict would be that the balance the plaintiff has failed to subject, and the claimant would be entitled to his judgment to have the same

so declared. Our duty under the law is to give a reasonable construction to verdicts and not to avoid them except from necessity.

But it is said this judgment now sought to be amended has been on a writ of error affirmed by this court, and hence it cannot be amended below, as it is made final and conclusive by the judgment rendered here. *Non constat.* It still stands unaffected, unchanged, and this judgment of amendment only is to declare with more certainty the effect of a verdict which now for the first time is here for adjudication.

Let the judgment of the court be affirmed.